UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ATLANTIC SOUNDING CO., INC, *et al.* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. M-05-187 |
| | § | |
| FIDENCIO MARTINEZ | § | |
| | § | |
| | § | |

## <u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>

### <u>I.  Background</u>

Fidencio Martinez, Jr. ("Defendant") was hired by Atlantic Sounding Co., Inc. on January 13, 2005, as a deckhand and was assigned to work for Weeks Marine, Inc. (Atlantic Sounding Co., Inc. and Weeks Marines, Inc. collectively hereafter referred to as "Plaintiffs") on the GEORGE D. WILLIAMS.  (Doc. 1 at 1-2).  On or about May 19, 2005, Defendant allegedly suffered injuries to his back and left leg while pulling a ring on a pontoon line.  *Id.*  On June 1, 2005, just twelve days after the alleged accident, Plaintiffs filed this instant action seeking declaratory relief. (Doc. 1).  Defendant quickly followed suit on June 21, 2005, filing a action in state court for negligence (Jones Act), unseaworthiness, and cure and maintenance.  (Doc. 6 at 2, 10-12).

Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201 with respect to their obligation, if any, to provide certain maintenance and cure benefits to Defendant.  (Doc. 1 at 2). In addition, Plaintiffs assert that any additional related claims that Defendant may have must be added [Fed. R. Civ. P. 13(a)], or else *res judicata*  would bar their future recovery.  (Doc. 7 at 1). Defendant accuses Plaintiffs of improper forum shopping and moves for dismissal of Plaintiffs' declaratory action.  (Doc. 6).  Having set forth the factual and procedural background of this dispute, the Court will now address Plaintiffs' request for declaratory action (Doc. 1) as well as

Defendant's corresponding motion to dismiss.  (Doc. 6).

## II.  Analysis

### A.  Declaratory Judgment Act

The Declaratory Judgment Act provides in pertinent part:

> Any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (2005).  The Supreme Court has interpreted the "may" language of the Act to mean that district courts have "unique and substantial" discretion in deciding whether to declare the rights of litigants. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 2143, 132 L. Ed. 2d 214 (1995).  Moreover, the breadth of leeway suggested by the Act's language distinguishes the declaratory judgment context from other areas of the law in which discretion surfaces.  *Id.*

In the Fifth Circuit, district courts consider a variety of factors when deciding whether to exercise their broad discretion under the Declaratory Judgment Act including (1) whether there is a pending state court action in which all of the matters in controversy may be fully litigated, (2) whether plaintiff has filed suit in anticipation of another suit and is being used for the purpose of forum shopping, (3) whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time and forum, and (4) the convenience/inconvenience of the federal forum to the parties and the witnesses. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991) citing *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26 (5th Cir. 1989).  *XI Speciality Ins. Co. v. Suard Barge Serv.*, 2003 U.S. Dist. LEXIS 20034, *3-5 (E.D. La. 2003).[1]  The Court

---

[1]  If a court declines to exercise jurisdiction, instead of dismissing, it may stay the action.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S. Ct. 2137, 2143 (1995).

will analyze each of these factors below.

**B.  Factors**

*(1.) Whether there is a pending state court action in which all of the matters in controversy may be fully litigated*

Defendant has filed an action against Plaintiffs in Texas state court.  In that suit, Defendant lodges claims against Plaintiff for negligence (Jones Act), unseaworthiness, and cure and maintenance.  (Doc. 6 at 10-12).  Plaintiffs in this case seek declaratory relief for cure and maintenance.  (Doc. 1).  The first factor therefore weighs in favor of dismissal.

*(2.) Whether the plaintiff has filed suit in anticipation of another suit and is being used for the purpose of forum shopping*

Plaintiff filed this action twelve days after the alleged injury took place.  (Doc. 1).  It appears highly suspect to the Court that this suit was filed in anticipation of Plaintiff's state court action which certainly could have (and did) include claims for maintenance and cure. (Doc. 6 at 10-12).   The Court finds that this factor also weighs in favor of dismissal.

*(3). Whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time and forum*

Any ruling on the matter would certainly have some sort of *res judicata* effect on Defendant's state court action, at least as far as his maintenance and cure claims go.  This proves difficult as the Supreme Court has held that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts.  *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 21 (1963); *B.J. Servs. v. Jackson*, 1996 U.S. Dist. LEXIS 14625, * 4 (E.D. La. 1996).  Trying this case "twice" is inefficient and a waste of this Court's limited resources.  *See Fitzgerald*, 83 S. Ct. at 1650 ("Only one trier of fact should be used for

the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments.")  This factor also weighs in favor of dismissal.

   *(4) The convenience/inconvenience of the federal forum to the parties and the witnesses.*

   Plaintiffs are New Jersey corporations with their respective principle places of business in New Jersey.  Defendant is an individual residing in south Texas (Starr County).  Defendant's state court action was filed in the 381st Judicial District of Starr County, Texas- a short distance from this current locale.  (Doc. 6 at 9).  There is nothing in the record to suggest that this forum (McAllen) would be significantly more convenient than the corresponding state forum (Starr County) for either the parties or the witnesses.

   The Court therefore finds that the factors discussed *supra*, weigh heavily against the Court entertaining Plaintiffs' declaratory action.  *See B.J. Servs. v. Jackson*, 1996 U.S. Dist. LEXIS, *14625 (E.D. La. 1996)(federal declaratory judgment action dismissed under *Wilton* even though filed before the state action);[2] *Perez v. Ledesma*, 401 U.S. 82, 119 *n.*12, 91 S. Ct. 674, 694 *n.* 12, 27 L. Ed. 2d 701 (1971)(Brennan, Jr., dissenting)("The federal declaratory judgment is not a prize to the winner of a race to the courthouse . . . .").  The Court therefore **GRANTS** Defendant's motion to dismiss Plaintiffs' motion for declaratory relief.[3]  (Doc. 6).

---

   [2] The facts in *B.J. Servs. v. Jackson*, were virtually identical to those of the present case.  In *B.J. Servs. v. Jackson*, the district court held that when a maintenance and cure claim is joined with a Jones Act claim in state court, the declaratory judgment action in federal court should be dismissed, so that a jury can hear both claims in state court.  *B.J. Servs. v. Jackson*, 1996 U.S. Dist. LEXIS 14625, *5 (E.D. La. 1996).

   [3] Given that Plaintiffs are New Jersey corporations with their respective principal places of business in New Jersey, and that Defendant Fidencio Martinez, Jr. is an individual domiciled in Texas, the Court is perplexed as to why Plaintiffs did not (or at least attempt to) remove Mr. Martinez's state court case. [The Fifth Circuit has consistently applied the general rule that, when a plaintiff exercises the option to bring an action in state court under the saving to suitors clause, rather than under the admiralty jurisdiction of the federal courts, defendants cannot remove the case by asserting federal question jurisdiction under 28 U.S.C. § 1331.  *Alleman v. Bunge Corp.*, 756 F.2d 344, 345-46 (5th Cir. 1986).  The only basis for removal of such cases is when subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332.  *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1065-1066 (5th Cir. 1981).  The "saving to suitors" clause does no more than preserve the right of maritime suitors to pursue nonmaritime remedies.  *Id.*  It does not guarantee them a nonfederal forum, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty.  *Id.* (citations omitted).]

### III.  Conclusion

Plaintiffs petition the Court for declaratory relief with regard to any "maintenance and cure" they may owe Defendant.  (Doc. 1).   The Court finds, however, that the relevant factors which dictate whether the Court should entertain a declaratory request, weigh heavily in favor of dismissal.   There is an ongoing state court involving the same issues and claims; this present suit was filed in anticipation of the state court action; and this forum is not significantly more convenient than the state court locale.   The Court is therefore of the opinion then that Plaintiffs' request for declaratory relief should be **DISMISSED**. (Doc. 1).  Accordingly, Defendant's motion to dismiss Plaintiffs' request for declaratory relief is **GRANTED**.  (Doc. 6).

SO ORDERED this 9th day of September, 2005, at McAllen, Texas.

Randy Crane
United States District Judge